JUDY ANN WEBB, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Webb v. Commissioner
Docket No. 4145-88
United States Tax Court
T.C. Memo 1990-167; 1990 Tax Ct. Memo LEXIS 183; 59 T.C.M. (CCH) 274; T.C.M. (RIA) 90167; March 28, 1990
Judy Ann Webb, pro se. John E. Budde, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency in petitioner's Federal income tax liability for 1984 in the amount of $ 435. Following concessions, the issue for decision is whether petitioner understated her income from tips. Some of the facts have *184 been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner was a resident of Elyria, Ohio, at the time she filed her petition. During 1984, she was employed as a cocktail waitress at the Horseshoe Club in Reno, Nevada. Through the course of her work, petitioner regularly received tips which were either in the form of tokes (gambling chips) or cash. On her 1984 return, petitioner reported wage and tip income in the amount of $ 6,581. Respondent determined petitioner's wage and tip income to be $ 9,432, or $ 2,851 more than that reported by petitioner. This determination was based on petitioner's W-2 form, indicating that petitioner received wages in the amount of $ 5,902 and allocated tips in the amount of $ 3,530. It is well settled that tips (including tokes) constitute gross income. Sec. 1.61-2(a)(1), Income Tax Regs.; Catalano v. Commissioner, 81 T.C. 8, 13 (1983), affd. sub nom. Kroll v. Commissioner, 735 F.2d 1370 (9th Cir. 1984); Olk v. United States, 536 F.2d 876 (9th Cir. 1976). Taxpayers are required to maintain sufficient records to establish *185 their correct tax liability. Sec. 6001.[1] By necessity, sec. 6001 requires persons receiving income from tips to maintain accurate and contemporaneous diaries or records. Sec. 1.6001-1, Income Tax Regs. If they fail to maintain such records, or if the records kept do not accurately reflect the amount of tip income received, respondent is authorized to reconstruct their income in accordance with such method as in his opinion clearly reflects the amount of income. Sec. 446(b); Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965). Respondent's reconstruction of a taxpayer's income need not be exact; however, it must be reasonable under the facts and circumstances. Schroeder v. Commissioner, 40 T.C. 30, 33 (1963). In the instant case, petitioner failed to keep a record of her tip income; accordingly, we deem it reasonable for respondent to reconstruct petitioner's income from information provided by her employer. At trial, petitioner admitted she could have received $ 9,432 in tips and wages, as was reported by her employer and *186 as was determined by respondent. She testified that upon completion of her shift, she "got loaded" and gave away some of the tokes earned during her shift. Petitioner apparently believes she need not include in her income the value of tokes given away. In this regard, she is mistaken. Tips (tokes) earned but given away constitute income. Based on the record before us, respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩